## MATTER OF AMERICAN PARALEGAL ACADEMY, INC.

### Request for Recognition

*Decided by Board April 28, 1986*

(1) "Nominal charges," as set forth in 8 C.F.R. § 292.2(a) (1986), are not defined in terms of specific dollar amounts but have been interpreted to mean a very small quantity or something existing in name only as distinguished from something real or actual.

(2) The applicant, whose charges for services exceed amounts which can be construed as "nominal," may not rely upon the notion that its fees are substantially less than those charged by law firms or that its fees are one of the means by which it is able to fund itself.

(3) The applicant's detailed fee schedule and its statement that it will provide free services as funds become available from contributions suggest that payment is in fact a prerequisite to service; therefore, the applicant's characterization of the amounts it requests in payment for services as "donations" is not persuasive in a determination of "nominal charges."

(4) "Nominal charges," as contemplated by 8 C.F.R. § 292.2(a) (1986), were not intended as a means by which those who are able to pay for assistance help offset the expenses of those who cannot.

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members

An application, Request for Recognition to Represent before the Board of Immigration Appeals and the Immigration and Naturalization Service (Form G–27), was submitted by American Paralegal Academy, Inc., requesting recognition under 8 C.F.R. § 292.2(a) (1986). The application will be disapproved.

Pursuant to 8 C.F.R. § 292.2(a) (1986), a nonprofit religious, charitable, social service, or similar organization established in the United States may be recognized by the Board of Immigration Appeals. Such an organization must establish to the satisfaction of the Board that it makes only nominal charges, assesses no excessive membership dues for persons given assistance, and has at its disposal adequate knowledge, information, and experience.

Pursuant to 8 C.F.R. § 292.2(b) (1986), an organization seeking recognition must file an application with the Board, along with proof of service of a copy of the application on the appropriate district director. The Service is required by this regulation to review

the application and submit to the Board its recommendation for approval or disapproval and the reasons therefor. The Service recommends disapproval of the applicant's request.

The applicant explains that it is an organization which will provide legal counseling services to documented and undocumented aliens in the United States. It also offers paralegal training in order to train and educate American citizens and lawful permanent residents so that they may provide such counseling services. The applicant maintains that it will provide such services free of charge to students and clients who are unable to pay. With respect to its fee policy, the applicant's bylaws state the following:

> The corporation will charge no fees to its students or clients. However, to help cover its expenses, the corporation will ask clients to contribute to their defense at a substantially reduced cost according to the bylaws, and students will be asked to make donations to the corporation to help cover their registration and tuition costs, as is also stated in these bylaws. THE ACADEMY will also request gifts, donations and other contributions from organizations and the public in general. Scholarships and free services will be provided as funds become available from gifts, donations and other contributions from students, clients, organizations and the public in general.

The applicant has submitted a detailed "Donation Schedule" with its request for recognition. This schedule lists charges up to $350 for adjustment of status and asylum applications and for visa petitions. The applicant's submission reflects that such amounts vary according to the client's income and family size. Depending on these factors, a client may pay either no fee, half fee, or the full amount of the stated charge.

The Board has never defined the phrase "nominal charges," as set forth in 8 C.F.R. § 292.2(a) (1986), solely in terms of specific dollar amounts. We have used a case-by-case analysis and have given the word "nominal" its usual and customary meaning; that is, a very small quantity or something existing in name only as distinguished from something real or actual. The fact that an applicant's fees may be substantially less than those charged by law firms is not a proper standard for consideration since such organizations are not law firms. By regulation, recognition is limited to nonprofit religious, charitable, or social service organizations. Moreover, the imposition of nominal fees was not intended as a means through which an organization could fund itself. Applying these principles in the present case, we find that many of the charges stated in the applicant's submission exceed amounts which can be construed as "nominal."

We also find that the applicant's characterization of the amounts it requests in payment for its services as "donations" is not persuasive in a determination of nominal charges. The applicant itself

refers to such amounts as "fees" in its "Donation Schedule." Its detailed fee schedule also raises a question as to the voluntary nature of payment and suggests that such contributions are not payable in the client's discretion but rather waivable, if at all, only by the applicant. In fact, the applicant's statement in its submission that free services will be provided to those unable to pay appears contradicted by its bylaws, which state that "free services will be provided as funds become available from gifts, donations, and other contributions from students, clients, organizations, and the public in general." (Bylaws, Article 4, Section 2). Such statement, combined with the applicant's detailed fee schedule, suggests that payment is in fact a prerequisite to service and indicates, at a minimum, that some of the applicant's clients who are financially able may pay the full amount of the fee. The term "nominal charges," as contemplated by 8 C.F.R. § 292.2(a) (1986), was not intended, however, as a means by which those who are able to pay for assistance help off-set the expenses of those who cannot.

Based upon our review of the applicant's submission, we also conclude that it has not demonstrated that it has at its disposal adequate knowledge, information, and experience in immigration law and procedure. The applicant cites legal resources and publications available to it and states that it has access to attorneys and others experienced in immigration matters. We also note that one member of the applicant's Board of Directors was previously an accredited representative of another agency recognized by the Board under 8 C.F.R. § 292.2(a) (1986). It is not clear, however, from the applicant's submission to what extent the experience of these individuals will be available to the applicant or that the expertise of its staff, who will provide assistance to the applicant's clients, is sufficient to warrant recognition.

Because the applicant has not demonstrated that it makes only nominal charges for the services its renders and that it has at its disposal adequate knowledge, information, and experience in immigration law and procedure, the application will be disapproved.

ORDER: The application is disapproved.