# MATTER OF LUTHERAN MINISTRIES OF FLORIDA

## Request for Recognition

### *Decided by Board February 27, 1990*

The application of a nonprofit organization seeking recognition under 8 C.F.R. § 292.2(a) (1989) should include detailed information as to how the organization will operate and by whom it will be staffed, as well as other evidence regarding the organization's qualifications such as resumes for the staff members and information as to the availability of legal resource materials, training programs in immigration law and procedure, and supervised employment for the staff.

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members; Brown, Temporary Board Member

An application, on Form G-27 (Request for Recognition as a Non-Profit Religious, Charitable, Social Service, or Similar Organization Established in the United States under 8 CFR 292.2), was submitted by the Lutheran Ministries of Florida, requesting recognition under 8 C.F.R. § 292.2(a) (1989). In conjunction with the application for recognition, this organization also seeks accreditation of Danielle E. Kearney as its accredited representative. The application for recognition will be disapproved.

Pursuant to 8 C.F.R. § 292.2(a) (1989), a nonprofit religious, charitable, social service, or similar organization established in the United States may be recognized by the Board of Immigration Appeals. Such an organization must establish to the satisfaction of the Board that it makes only nominal charges, assesses no excessive membership dues for persons given assistance, and has at its disposal adequate knowledge, information, and experience in immigration law and procedure.

According to 8 C.F.R. § 292.2(b) (1989), an organization seeking recognition must file an application with the Board, along with proof of service of a copy of the application on the appropriate district director.[1] The district director has 30 days to submit a recommendation to the Board, or to request a specified period of time in which to conduct an investigation or otherwise obtain relevant information

---

[1] In the instant case, the application for recognition was served on the district director rather than with the Board as required by 8 C.F.R. § 292.2(b) (1989).

regarding the applicant. In the instant case, the Immigration and Naturalization Service does not oppose the application for recognition.

Lutheran Ministries of Florida, hereafter referred to as the "applicant," has submitted in support of its Form G-27 its amended articles of incorporation, proof of its tax exempt status, and a listing of legal resource materials available to the organization. The applicant also submitted a resume for Danielle E. Kearney and two reference letters for Ms. Kearney.

Based upon our review of the applicant's submissions, we find the applicant has not demonstrated that it has at its disposal adequate knowledge, information, and experience in all aspects of immigration law and procedure, including the visa petition process, exclusion, and deportation. The general information provided by the applicant does not sufficiently apprise us of how the organization will operate and by whom it will be staffed. The information furnished by the applicant indicates that the proposed representative's training and the organization's experience have focused primarily on the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359. Even though the applicant has indicated the availability of some legal resource materials and training programs in immigration law and procedure, none of the training programs has been specifically identified. Also, it is not shown that the applicant's staff has ready access to the Immigration and Nationality Act, Title 8 of the United States Code, Title 8 of the Code of Federal Regulations, and the Administrative Decisions Under the Immigration and Nationality Laws of the United States. Furthermore, there is no indication that there is supervised employment for its staff members. The applicant has not provided resumes for any of its staff other than for the proposed representative. The applicant should provide more detailed information as to how its organization will operate and whether it will be staffed only by the proposed representative. Further, the applicant must demonstrate that it makes only nominal charges and assesses no excessive membership dues for the persons given assistance. *See Matter of American Paralegal Academy, Inc.*, 19 I&N Dec. 386 (BIA 1986).

Also, we must point out that recognition of an organization does not authorize the applicant's representatives to practice before the Board or the Service. Pursuant to 8 C.F.R. § 292.2(d) (1989), an organization recognized under 8 C.F.R. § 292.2(a) (1989) may apply for accreditation of persons of good moral character to act as its representatives. Any such application should be filed with the Board, along with proof of service of a copy of the application on the appropriate district director.

Accordingly, the application for recognition will be disapproved.

This denial is without prejudice to the submission of a new recognition application with additional information. As the application for recognition is disapproved, we need not consider the qualifications of the individual for whom accreditation is requested.

**ORDER:** The application for recognition is disapproved.