## MATTER OF FLORIDA RURAL LEGAL SERVICES, INC.

### Application for Accreditation

*Decided by Board February 22, 1993*

An organization requesting recognition or accreditation of its representatives, which has physically separate offices, must demonstrate by individual application that each office independently has at its disposal adequate knowledge, information, and experience in immigration law and procedure and that it makes only nominal charges and assesses no excessive membership dues for persons given assistance.

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

An application was submitted by Florida Rural Legal Services, Inc., an organization recognized by the Board of Immigration Appeals under 8 C.F.R. § 292.2(a) (1992), requesting the accreditation of Jackson M. Francois, Federico Hernandez, Maria D. Herrera, Luc Charles Lully, Ernesto Urbina, Jr., Angie Vega, and Jean B. Volcy as its representatives under 8 C.F.R. § 292.2(d) (1992). The application will be disapproved.

An organization recognized by the Board under 8 C.F.R. § 292.2(a) (1992) may apply for accreditation of persons of good moral character as its representatives. An organization may apply to have a representative accredited to practice solely before the Immigration and Naturalization Service, or before the Immigration and Naturalization Service and the Board of Immigration Appeals (which includes practice before the immigration judges). An application for accreditation must fully set forth the nature and extent of the proposed representative's experience and knowledge of immigration and naturalization law and procedure and the category of accreditation sought.

Florida Rural Legal Services, Inc., hereafter referred to as the "applicant," has requested the renewal of the full accreditation of Mr. Hernandez and Mr. Urbina and partial accreditation of Mr. Francois. The applicant requests full accreditation of Mr. Lully, Ms. Volcy, and Ms. Vega who were previously granted partial accreditation. In addition, the applicant requests partial accreditation of Ms. Herrera.

In letters dated March 3, 1992, the district director recommends disapproval of the applications for accreditation of all the proposed representatives.

First, we note, as pointed out by the district director in his letters dated March 3, 1992, that the request for renewal of the accreditation of six of the proposed representatives is untimely. The 3-year full accreditation of Mr. Hernandez and Mr. Urbina and the 3-year partial accreditation of Mr. Francois, Mr. Lully, Ms. Vega, and Ms. Volcy lapsed on October 18, 1991. The request for renewal of their accreditation was not filed with the Board until March 2, 1992. *See* 8 C.F.R. § 292.2(d) (1992).

The applicant's organization located at Lakeland, Florida, is recognized by the Board under 8 C.F.R. § 292.2(a) (1992). The applicant's submissions reflect that it has six branch offices located throughout Florida. None of these branch offices is recognized by the Board. The applicant's application for accreditation does not specify at which offices the proposed representatives will be working. The resumes for these proposed representatives indicate that they live throughout Florida.

An organization that has physically separate offices must submit an application for recognition for each office, even if the organization is recognized at one of its offices. Such an application for recognition must show that the office at the other location independently has at its disposal adequate knowledge, information, and experience in immigration law and procedure, and that it makes only nominal charges and assesses no excessive membership dues for persons given assistance. *See Matter of Lutheran Ministries of Florida*, 20 I&N Dec. 185 (BIA 1990). The applicant's organization, at each office, must be familiar with all aspects of immigration law and procedure, including the visa petition process, exclusion, and deportation. Also, an application for recognition should disclose the relationship between the branch and parent offices. We emphasize that the purpose of requiring that each office independently establish its qualification for recognition is to assure that the interests of aliens are safeguarded and that there is adequate representation of persons given assistance. We further note that recognition of any organization is not intended as a means for a private attorney or law firm to employ immigration counselors as an extension of the attorney's or law firm's services.

Inasmuch as the applicant's six branch offices are not recognized by the Board and the application for accreditation does not clearly reflect at which offices the proposed representatives will be working, we are not able to consider the application for accreditation at this time. Consequently, the application for accreditation of the proposed representatives will be disapproved. This denial is without prejudice to the submission of a new accreditation application in conjunction with or following the application or applications for recognition.

**ORDER:** The application is disapproved.