# In re CHAPLAIN SERVICES, INC., Applicant

### San Antonio

*Panel Decision February 22, 1996*
*Decided En Banc as Amended July 25, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In an application for recognition, an applicant must respond to and successfully rebut an adverse recommendation made by the district director, even when such recommendation has been made in a prior recognition proceeding involving the applicant.

(2) Denial of the applicant's recognition request is justified by unrebutted allegations in the district director's recommendation made in prior recognition proceedings that the applicant's personnel supplied clients with misinformation; that the applicant improperly submitted Notices of Entry of Appearance as Attorney or Representative (Forms G-28) on behalf of a purportedly associated attorney who never performed services; that the applicant's clients had been charged excessive amounts for services in spite of the applicant's fee list which reflects nominal charges; and that the member of the applicant's staff upon whose expertise the applicant relies has been the subject of complaints for the unauthorized practice of law.

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members.

SCHMIDT, Chairman:

An application dated October 19, 1993, was submitted by Chaplain Services, Inc., requesting recognition by this Board pursuant to 8 C.F.R. § 292.2 (1995). The application will be disapproved.

## I. APPLICABLE REGULATIONS

According to 8 C.F.R. § 292.2(a), a nonprofit religious, charitable, social service, or similar organization established in the United States may be recognized by the Board of Immigration Appeals. Such an organization must establish to the satisfaction of the Board that it makes only nominal charges and assesses no excessive membership dues for persons given assistance, and that it has at its disposal adequate knowledge, information, and experience in immigration law and procedure.

Pursuant to 8 C.F.R. § 292.2(b), an organization seeking recognition must file an application with the Board, along with proof of service of a copy of the application on the appropriate district director of the Immigration and Naturalization Service. The Service is required by this regulation to review the application and submit to the Board its recommendation for approval or disapproval and the reasons therefor, or request a specified period of time in which to conduct an investigation or otherwise obtain relevant information regarding the applicant. A copy of the application in this case was served on the district director, who recommends disapproval of the application.

## II. PRIOR PROCEEDINGS

The record in this case reflects that in an order dated April 9, 1993, the Board denied the applicant's previous request for recognition. In that proceeding, in a submission dated January 7, 1993, the district director recommended disapproval of the applicant's recognition request. In his recommendation, the district director stated:

> Chaplain Services Inc., has come to the attention of the San Antonio District, through complaints of clients represented by Chaplain Services, Inc., alleging misinformation and excessive charges for completing applications filed before this Service.

> This district has had cases in which applicants relate to being coached by Mrs. Julia Grimaldo Herrera, on what to tell the Examiner and to provide false information to satisfy a requirement of the Immigration Act.

> Chaplain Services, Inc., has been issuing Form G-28, Notice of Entry of Appearance as Attorney or Representative, using an attorney named . . . . In a meeting held in the district office attended by Mrs. Grimaldo-Herrera, [the attorney] and another employee of Chaplain, [the attorney] admitted to the use of her signature on G-28's without her seeing or personally interviewing the applicant represented. The G-28's were being rubber stamped with [the attorney's] signature. Although that practice stopped for applications submitted to this office, the practice continued at the Service Processing Center and the Houston District Office until again confronted.

A copy of this recommendation was served upon the applicant. The applicant did not submit a response within the 30-day period specified in 8 C.F.R. § 292.2(b). In its decision of April 9, 1993, the Board found that recognition under 8 C.F.R. § 292.2(a) was not warranted. The Board concluded that the applicant had not demonstrated that it has adequate knowledge, information, and experience in immigration law and procedure. We further found that the applicant had not demonstrated that it charged only nominal amounts for its services and that it was a nonprofit organization within the scope of the regulations.

## III. PRESENT REQUEST FOR RECOGNITION

In its present submission dated November 22, 1993, the applicant states that it is a nonprofit charitable and social service organization which, in its five offices throughout the State of Texas, provides immigration counseling

to persons needing such assistance. It purports to provide a wide range of immigration services to its clients, including assistance in filing visa petitions and naturalization applications. The applicant has submitted a list of fees it charges for such services. This list reflects fees including $50 for visa petitions for alien relatives, $50 for adjustment of status applications, $75 for naturalization petitions, $100 for registry applications, and $100 for joint petitions to remove conditional status. In its submission the applicant also asserts that it will provide free services and that payment is not a prerequisite of service. It further states that it is not dependent on the income from fees to fund its operations, as it also operates a Ministry Program, Citizenship Program, and Educational Program for Nursing Assistants and Security Guards. To support its contention that it is nonprofit, the applicant submitted its Articles of Incorporation under the Texas Non-Profit Corporation Act and its certificate showing exemption from the Texas franchise tax.

In support of its application, the applicant relies upon the expertise of Julia Grimaldo Herrera. Her resume reflects that from 1987 until 1990 she was the director of her own organization which received status as a "designated entity" under 8 C.F.R. § 245a.1(l) (1990), which was qualified to receive applications in the legalization program. Ms. Herrera's resume further indicates that she has served as the applicant's director since 1990. She represents that she has attended an 80-hour paralegal course involving all aspects of immigration law, as well as courses in family visas, citizenship, legalization, and deportation issues. Ms. Herrera also submitted a statement claiming that she was slandered regarding her representation of aliens and that she cooperated with the Service in its investigation of alleged misconduct. She further denies that she ever filed an immigration form without the client or the employer present. She notes that she received a Certificate of Recognition from the Service's San Antonio office in 1989, which she believed exonerated her from all allegations against her.

The applicant also states that it has an agreement with an attorney who is certified in Texas as an immigration specialist. According to the applicant, it has use of his library, and he and his staff are available to consult with the applicant's staff on immigration issues. The applicant has submitted letters of support on behalf of its recognition request from various community officials and from private immigration practitioners.

In a submission dated January 26, 1994, the district director recommends disapproval of the applicant's request. Although the applicant claims Ms. Herrera has adequate knowledge and experience of immigration law and procedure, the district director states that no proof of attendance at the alleged courses has been submitted and that, in any event, her experience is insufficient to satisfy the regulations. He further opposes the applicant's request because the applicant charges amounts which the district director maintains are not nominal. In his recommendation the district director also asserts that the applicant operates a number of offices throughout Texas and has failed to

indicate where the proposed representative is employed. Finally, he notes that a lawsuit was filed on October 6, 1993, in Travis County, Texas, charging Ms. Herrera with the unauthorized practice of law.

The record reflects that the applicant was granted extensions in order to respond to the concerns of the district director. In a letter dated June 6, 1994, counsel for the applicant stated that the application was recently resubmitted to the district director for further review. The applicant also admitted that Ms. Herrera was the subject of an unauthorized practice of law of complaint, but stated that a final agreement should be forthcoming which would allow Mr. Herrera to engage in any activities that the Board would authorize. Additional time was requested in the hope of obtaining a different recommendation from the district director. However, in a letter dated November 28, 1994, counsel for the applicant requested the Board's adjudication of the request on the documents submitted, as no further recommendation from the district director was expected.

## IV. ANALYSIS

We find that the applicant has again failed to demonstrate that recognition is warranted. The applicant has not shown that it possesses adequate knowledge, information, and experience in immigration law and procedure. In reaching this conclusion we have again considered the recommendation of the district director dated January 7, 1993, which states that the Service has received complaints concerning misinformation supplied by the applicant to its clients. The applicant has failed to successfully rebut these charges. We note also that Ms. Herrera admits that she is the subject of complaints for the unauthorized practice of law. Although she admittedly presents herself as one having specialized legal knowledge and status to represent clients, in fact she lacks the qualifications or status to support such claims.

The applicant has also again failed to successfully rebut the district director's prior charges in his recommendation in the previous proceedings that it improperly submitted Notices of Entry of Appearance as Attorney or Representative (Forms G-28). The attorney purportedly associated with the applicant admitted that she performed no services and indeed never met with the applicant's clients. The district director's allegations that the applicant counselled its clients to supply false information to Service officials also remains unrebutted.

We further find that the applicant's recognition request should be denied because it has not demonstrated that it is a nonprofit social service, religious, charitable, or similar organization which charges only nominal amounts for its services. In *Matter of American Paralegal Academy, Inc.*, 19 I&N Dec. 386, 387 (BIA 1986), the Board defined the term "nominal" charges as set forth in 8 C.F.R. § 292.2(a) as meaning a very small quantity or something existing in name only, as distinguished from something real or actual. The list

of the applicant's fees submitted in support of its request reflects charges which appear to be nominal in amount, and the applicant asserts that such amounts are voluntary on the part of its clients. The district director's recommendation dated January 7, 1993, belies such assertions, however, and it appears that in actual practice the applicant's clients may pay excessive fees. The applicant has not successfully refuted the district director's allegations in this regard.

Moreover, although the applicant claims to be a nonprofit organization which operates a number of offices in Texas, it has supplied no documentation concerning its sources of funding to reflect how such extensive operations are financially supported. Given the district director's allegations, which have not been adequately refuted by the applicant, we have misgivings concerning the applicant's true purpose. *See Matter of Baptist Educational Center,* 20 I&N Dec. 723 (BIA 1993).

Finally, as we noted in our decision dated April 9, 1993, the applicant operates a number of offices in Texas. Because it has not identified in which office its proposed representative is employed, the applicant's recognition is also properly denied. *See Matter of Florida Rural Legal Service, Inc.,* 20 I&N Dec. 639 (BIA 1993).

## V. CONCLUSION

Because the applicant has not demonstrated that it satisfies the requirements for recognition as stated in 8 C.F.R. § 292.2(a), the application will be disapproved.

**ORDER:**     The application is disapproved.