## Matter of EAC, INC., Applicant
Request for Accreditation

New York, New York

*Decided July 3, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  All accredited representatives on the staff of a recognized organization must have a broad knowledge of immigration law and procedure, even if the organization only intends to provide limited services through one or more partially accredited representatives.

(2)  In order to show that a proposed accredited representative has the broad knowledge and experience in immigration law and procedure required by 8 C.F.R. § 1292.2(d) (2008), a recognized organization should submit the individual's resume, letters of recommendation, and evidence of immigration training completed, including detailed descriptions of the topics addressed.

BEFORE:  Board Panel: OSUNA, Acting Chairman; HOLMES and GRANT, Board Members.

OSUNA, Acting Chairman:

EAC, Inc. (Education & Assistance Corporation), an organization recognized by the Board of Immigration Appeals under 8 C.F.R. § 1292.2(a) (2008), submitted an application by letter requesting the accreditation of Yvonne Buffa as its accredited representative under 8 C.F.R. § 1292.2(d).[1] *See Matter of EAC, Inc.*, 24 I&N Dec. 556 (BIA 2008).  The application will be approved.

## I.  ACCREDITATION PROCESS

By its very nature, effective representation of an alien, whether in matters before the Department of Homeland Security ("DHS") or before the Immigration Judges and this Board, requires a broad knowledge of

---

[1] Although an application for recognition is submitted on Form EOIR-31 (Request for Recognition of a Non-Profit Religious, Charitable, Social Service, or Similar Organization), there is no specific form for an application for accreditation.

immigration law and procedure. This requirement exists to ensure that a duly accredited representative is able to readily identify immigration issues of all types, even in areas where no services are provided, and has the ability to discern when it is in the best interests of the aliens served to refer those with more complex immigration issues elsewhere. A proposed representative's experience with immigration law need not be fully commensurate with his or her knowledge to be considered adequate.

Accreditation of a representative for practice solely before the DHS is considered "partial accreditation," while accreditation of a representative before the DHS and the Board, which includes practice before the Immigration Judges, is considered "full accreditation." *See* 8 C.F.R. § 1292.2(d). In addition to having the adequate knowledge, information, and experience in immigration law and procedure required for partial accreditation, representatives with full accreditation must possess skills essential for effective litigation, including the ability to advocate a client's position at a hearing before an Immigration Judge by presenting documentary evidence and questioning witnesses, to present oral arguments before the Board, and to prepare motions and briefs for consideration by an Immigration Judge and/or this Board. All accredited representatives on the staff of a recognized organization must have a broad knowledge of immigration law and procedure, even if the organization only intends to provide limited services through one or more partially accredited representatives.

According to 8 C.F.R. § 1292.2(d), an organization recognized by the Board may apply for accreditation of persons of good moral character as its representatives. An application for accreditation must fully set forth the nature and extent of the proposed representative's experience and knowledge of immigration and nationality law and procedure and the category of accreditation sought, either full or partial. The request for accreditation should include the proposed representative's resume, letters of recommendation, and evidence of all immigration training that he or she has completed. Detailed descriptions of the topics addressed in recent immigration training should also be provided to show that the individual has the knowledge and experience in immigration law and procedure required for the services that he or she will provide through the organization. No individual may submit an application for accreditation on his or her own behalf.

An application for accreditation should be filed directly with the Board, along with proof of service of a copy of the application on the DHS. 8 C.F.R. § 1292.2(d). Within 30 days, the DHS is required to submit a recommendation to the Board for approval or disapproval of the application and the reasons therefor, or to request a specified period of time in which to conduct an investigation regarding the application. The organization has 30 days from the

date of service to file a response with the Board to any matters raised therein, with service of a copy of the response on the DHS.

The regulations also provide that the accreditation of a representative is valid for a period of 3 years only. 8 C.F.R. § 1292.2(d). However, the accreditation remains valid pending Board consideration of an application for renewal of accreditation if the application is filed at least 60 days before the third anniversary of the date of the Board's prior accreditation of the representative. Accreditation terminates when the Board's recognition of the organization ends for any reason or when the representative's employment or other connection with the organization ceases. The organization must promptly notify the Board of such changes. A representative may be accredited by more than one recognized organization, with multiple accreditations of a representative being most commonly sought by organizations that have more than one recognized branch office. In such instances, a separate request for accreditation from the recognized branch office must be submitted for any proposed representatives.

## II. ANALYSIS

The applicant's submission is a request for partial accreditation for Yvonne Buffa to practice solely before the DHS. A copy of the application was served on the DHS, which has not responded to the request for a recommendation regarding the application.

The evidence submitted in support of the application includes recommendations attesting to the good moral character of the proposed representative. She received an award from the Emigrant Savings Bank of New York for her commitment to the immigrant community. A resume indicates that she completed high school and has earned 55 credits at a community college. In addition, she has worked under the supervision of immigration attorneys since 1986, primarily in the areas of naturalization and citizenship, and has completed applications for relief before the DHS.

The proposed representative has also conducted various workshops to inform aliens of citizenship services, and she has prepared applicants for citizenship interviews. Moreover, she has completed several recent immigration law training sessions sponsored by the New York Immigration Coalition on a variety of topics covering a broad range of immigration law and procedure. She has also completed 10 sessions of training in various aspects of immigration law since 2005, including courses in the basics of immigration law and relief in immigration proceedings. Based on our review of the information submitted, we conclude that the application for partial accreditation of Yvonne Buffa to represent individuals before the DHS should be approved.

**ORDER:** The request for accreditation of the proposed representative for practice before the Department of Homeland Security is approved.