# Matter of EAC, INC., Applicant
Request for Recognition

New York, New York

*Decided July 3, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The process of recognition is designed to evaluate the qualifications of only those nonprofit organizations that provide knowledgeable legal assistance to low-income aliens in matters involving immigration law and procedure.

(2)  In order to establish that it has adequate knowledge of immigration law and procedure, an organization seeking recognition must have sufficient access to legal resources, which may include electronic or internet access, as well as resources provided by a law library.

(3)  An organization seeking recognition must show that it has either a local attorney who is on the staff, offering pro bono services, or providing consultation under a formal arrangement; a fully accredited representative; or a partially accredited representative with access to additional expertise.

(4)  A recognized organization that does not offer a full range of immigration legal services or whose staff is not sufficiently experienced to handle more complex immigration issues must have the ability to discern when it should direct aliens to seek other legal assistance.

BEFORE:  Board Panel: OSUNA, Acting Chairman; HOLMES and GRANT, Board Members.

OSUNA, Acting Chairman:

The applicant, EAC, Inc. (Education & Assistance Corporation), submitted a Form EOIR-31 (Request for Recognition of a Non-Profit Religious, Charitable, Social Service, or Similar Organization), requesting recognition pursuant to 8 C.F.R. § 1292.2(a) (2008).  A copy of the application was served on the Department of Homeland Security ("DHS"), which has not responded to the request for a recommendation regarding the application for recognition. The application for recognition will be approved.

## I.  RECOGNITION AND ACCREDITATION PROCESS

The process of recognition of organizations and accreditation of representatives by the Board of Immigration Appeals was established to provide low-income aliens with access to representation by individuals with adequate knowledge, information, and experience in immigration and nationality law and procedure through reputable nonprofit institutions.  *See generally* 8 C.F.R. § 1292.2.  The purpose of evaluating the qualifications for recognition of organizations and accreditation of representatives is to ensure that the interests of aliens are safeguarded and that the persons given assistance receive adequate representation.  The recognition of organizations and accreditation of representatives provides an alternative to nonattorney immigration consultants for low-income or indigent aliens who need assistance in completing applications before the DHS and/or in proceedings before the Immigration Judges and this Board.  The process of recognition does not afford a means for private attorneys or law firms to employ immigration counselors as an extension of the services they provide.  *See Matter of Florida Rural Legal Services, Inc.*, 20 I&N Dec. 639, 640 (BIA 1993); *see also Matter of Baptist Educational Center*, 20 I&N Dec. 723 (BIA 1993).

Pursuant to 8 C.F.R. § 1292.2(e), the Board is required to maintain an alphabetical roster of recognized organizations and their accredited representatives.  These rosters may be accessed through the website of the United States Department of Justice Executive Office for Immigration Review.  *See* http://www.usdoj.gov/eoir/statspub.htm.

We note that some reputable organizations seek recognition of their agencies and accreditation of their staff members, not for the purpose of providing adequate legal representation to aliens who cannot afford private attorneys, but rather as a means to obtain government endorsement of their efforts to provide aid, education, and other services to the immigrant population.  The recognition and accreditation process is not designed for this purpose.  There are many reputable nonprofit organizations whose employees and volunteers tirelessly provide the immigrant population with commendable assistance but cannot satisfy the requirements for recognition because they lack the necessary training and experience in immigration law and procedure.  We are not authorized to approve an application for recognition of a nonprofit organization that is not involved in providing knowledgeable assistance to aliens in matters involving immigration law and procedure.  *See generally* 8 C.F.R. § 1292.2.

A nonprofit religious, charitable, social service, or similar organization established in the United States may be recognized by the Board if the organization establishes that it makes only nominal charges, assesses no excessive membership dues for persons given assistance, and has at its

disposal adequate knowledge, information, and experience in immigration law and procedure. 8 C.F.R. § 1292.2(a). By its very nature, effective representation of an alien, whether in matters before the DHS or the Immigration Judges and the Board, requires a broad knowledge of immigration law and procedure and adequate access to legal resources, such as those provided by a law library.

In *Matter of Lutheran Ministries of Florida*, 20 I&N Dec. 185 (BIA 1990), we outlined the information required in the application of a nonprofit organization seeking recognition under 8 C.F.R. §1292.2(a) with regard to its qualifications. We held that the application should include detailed information as to how the organization will operate and by whom it will be staffed, as well as other evidence regarding the organization's qualifications, such as resumes for the staff members and information as to the availability of legal resource materials, training programs in immigration law and procedure, and supervised employment for the staff.

An organization seeking recognition must file an application for each of its branch offices, along with proof of service on the DHS. 8 C.F.R. § 1292.2(b); *see also Matter of Florida Rural Legal Services, Inc*., *supra*, at 640. The DHS is required by the regulations to review the application and submit its recommendation for approval or disapproval, and the reasons therefor, or to request a specified period of time in which to conduct an investigation or otherwise obtain relevant information regarding the applicant. *See Matter of Chaplain Services, Inc.*, 21 I&N Dec. 578, 579 (BIA 1996); *Matter of Lutheran Ministries of Florida*, *supra*, at 185-86.

## II. REQUIREMENTS FOR RECOGNITION

To qualify for recognition, an applicant organization must show that it has at its disposal adequate knowledge, information, and experience in immigration law and procedure. 8 C.F.R. § 1292.2(a)(2). We have previously held that to meet this threshold requirement, an organization seeking recognition must demonstrate that it not only has ready access to adequate legal resources in its office, including, at a minimum, a copy of the Immigration and Nationality Act, the Federal immigration regulations, and the precedent decisions of this Board, but possibly access to another library with additional resources as well. *See Matter of Lutheran Ministries of Florida*, *supra*, at 186. However, adequate information is now more widely available through multiple sources than ever before, and through more diverse means than a traditional law library. Therefore, access to adequate information may now be shown via electronic or internet access to immigration legal resources.

Adequate staffing and supervision of staff members is an important component for an organization in demonstrating that it has adequate

knowledge and experience in immigration law and procedure. A licensed attorney on staff, who may supervise other staff members, is often sufficient to meet the adequate knowledge and experience requirement. For organizations that do not have an attorney on staff, a broad knowledge and experience in immigration law and procedure by those on staff is necessary, even if the organization only intends to provide limited services through one or more partially accredited representatives. However, the organization's experience with immigration law need not be fully commensurate with its knowledge to be considered adequate. To require a staff of nonattorneys to be fully experienced in all forms of immigration law when the organization contemplates providing only limited services might unnecessarily restrict the organization in its efforts to secure competent, knowledgeable representatives.

Nevertheless, the requirement of a broad knowledge of immigration law and procedure exists to ensure that a duly recognized organization has staff able to readily identify issues involving all aspects of immigration law, even in areas where the organization does not provide services. The breadth of knowledge requirement includes the ability to discern when it is in the best interests of the aliens the organization serves to advise those whose immigration issues are more complex or not covered by the organization's services to seek other legal assistance. For example, a lawful permanent resident seeking assistance with naturalization might have questions regarding family members on unrelated topics or might disclose criminal convictions or other matters that might adversely affect his or her application. No alien's need for immigration legal services should be ignored by a recognized organization, although in some cases the need for certain services may be met by directing the alien elsewhere.

The requirement that a recognized organization have "at its disposal adequate knowledge . . . and experience" may be satisfied in various ways. 8 C.F.R. § 1292.2(a)(2). To meet this standard, an organization should first provide a description of the specific immigration legal services it will provide. Next, it must identify all members of its local staff. Obviously, the adequate knowledge requirement may be met by the submission of resumes of an attorney or attorneys who are on staff at the local office. It follows that the requirement may also be met by the documented commitment by private attorneys to provide pro bono services at the local office on a basis sufficient to meet caseload demands or by proof of any formal arrangements with private attorneys to provide local consultation or assistance, along with disclosure of the specific arrangements and the attorneys' resumes. In addition, the

applicant organization may meet the adequate knowledge requirement by showing that it is simultaneously applying for full accreditation of at least one individual who has the credentials to warrant approval of the application.[1]

Where an organization does not have an attorney on staff at the local office, a pro bono attorney who volunteers locally or other arrangements with a local attorney, or an individual who will become a fully accredited representative in the office, it may meet the adequate knowledge requirement by showing that it is simultaneously applying for partial accreditation of at least one individual who has the credentials to warrant a grant of partial accreditation in certain circumstances.[2]  For example, an organization seeking recognition and partial accreditation of a qualified representative may satisfy the adequate knowledge requirement by showing that another recognized organization with an attorney or fully accredited representative has agreed to provide consultation or assistance, as needed.  Typically, the organization lacking an attorney or fully accredited representative implements a plan for its staff members to have access to the expertise of another recognized organization through personal, telephone, or internet consultations or, in more complex cases, through referrals.  The adequate knowledge requirement for recognition cannot be met where an organization does not have any of the following:  a local attorney, either on staff, pro bono, or under some other arrangement; a fully accredited representative; or a partially accredited representative with access to additional expertise.

In sum, we clarify that the knowledge and experience requirement ensures that an alien may reliably seek legal assistance on any immigration matter from a recognized organization, which, although it may provide only limited services, must have staff that includes, at a minimum, at least one partially accredited representative who can identify other immigration issues that may impact the alien's application or status in the United States.  The organization must therefore demonstrate that it has at its disposal adequate knowledge and

[1]  In addition to a broad knowledge of all aspects of immigration law, a fully accredited representative must possess skills essential for effective litigation, including the ability to advocate a client's position at a hearing before an Immigration Judge by presenting documentary evidence and questioning witnesses, to present oral arguments before the Board, and to prepare motions and briefs for consideration by an Immigration Judge and/or this Board.  Consequently, evidence of advocacy skills, as well as evidence of a broad knowledge of immigration law, should be presented where full accreditation is sought.

[2]  Resumes of any nonattorney staff members and certificates of recent immigration training completed by nonattorney staff members, not only demonstrating knowledge of the issues in the areas where services are to be provided, but also a broad knowledge of immigration law and procedure, should be provided for all representatives, whether full or partial accreditation is sought.

experience through its staff, attorneys, or other organizations that have attorneys or fully accredited representatives with whom it can consult. Although the organization need not actually represent aliens in all aspects of immigration law, especially those in which its staff may be inexperienced, or offer a full range of immigration legal services, it should have a plan for directing aliens to other recognized organizations with appropriate knowledge and experience or to other acceptable sources of free or low cost legal services.

## III.  ANALYSIS

The applicant has submitted proof of its nonprofit status, bylaws, and funding sources.  Its president, who is also the chief executive officer, states that it does not charge any fees for immigration legal services or impose any membership dues.  Our review of the organization's application and its supporting documentation therefore satisfies us that it makes only nominal charges and assesses no excessive membership dues for persons given assistance.  8 C.F.R. § 1292.2(a)(1).

We also find that the organization has demonstrated that it has at its disposal adequate knowledge, information, and experience in all aspects of immigration law and procedure.  8 C.F.R. § 1292.2(a)(2).  The applicant has shown that it has adequate library resources, not only by means of access to books, such as the Immigration and Nationality Act and the Code of Federal Regulations, but also by access to additional legal resources via the internet. The applicant reports that its staff has access to the virtual law library of the Executive Office for Immigration Review and that it is familiar with various other websites, including those of the DHS, the Department of State, and other sources that provide information regarding immigration law, which are available at http://www.uscis.gov/portal/site/uscis; http://www.usdoj.gov/eoir/; http://www.state.gov/;    http://www.shusterman.com/;    and http://www.cliniclegal.org/.  It indicates that members of its staff are also members of the New York Immigration Coalition and obtain training and technical assistance from that source.

The applicant has provided the most recent annual newsletter and annual report of the organization and a news article and materials relating to the citizenship services offered by the organization.  It  has also included an organizational chart and letters to demonstrate that it has an arrangement with an experienced immigration attorney who is duly admitted to the State bar to act as its legal consultant and to supervise its nonattorney staff.  It has submitted the resumes of its legal consultant and its principal nonattorney employee, as well as additional evidence that its nonattorney employee has completed immigration training in all aspects of immigration law and procedure, despite the fact that she primarily provides services to aliens

seeking citizenship. She has demonstrated that she has completed 10 sessions of training in various aspects of immigration law since 2005 and has provided detailed descriptions of the topics addressed in these courses, which include the basics of immigration law and relief in immigration proceedings. She also has extensive work experience for immigration attorneys and numerous letters of recommendation attesting to her expertise in immigration law. Based on all of the above evidence, we find that the applicant organization meets the requirements for recognition.

Finally, it should be emphasized that the approval granted in this decision is a limited approval relating only to the recognition of the organization, and not to the accreditation of its representatives. That is, the applicant's representatives are not automatically authorized to practice before the Board or the DHS. Pursuant to 8 C.F.R. § 1292.2(d), an organization recognized under 8 C.F.R. § 1292.2(a) may apply for accreditation of persons of good moral character to act as its representatives. Any such application should be filed with the Board, along with proof of service of a copy of the application on the appropriate offices of the Department of Homeland Security.

**ORDER:** The application for recognition is approved.