# Matter of CENTRAL CALIFORNIA LEGAL SERVICES, INC., Applicant

Request for Accreditation

*Decided March 28, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A recognized organization's application for initial accreditation of a proposed representative must show that the individual has recently completed at least one formal training course that was designed to give new practitioners a solid overview of the fundamentals of immigration law and procedure.

BEFORE:  Board Panel:  NEAL, Chairman; HOLMES and MANN, Board Members.

NEAL, Chairman:

Central California Legal Services, Inc., Visalia office, has reapplied for partial accreditation for Janie Munoz-Tafoya as its representative under 8 C.F.R. § 1292.2(d) (2012).[1]  The Department of Homeland Security has recommended that we approve the application.  The application will be approved.

On October 1, 2012, the Board approved the organization's application for recognition but disapproved its request for accreditation for this proposed representative.  While we were satisfied that she is a person of good moral character and we acknowledged that she is a strong candidate for accreditation, we were unable to determine from her resume and the supporting documentation that she possesses the requisite broad knowledge of immigration law and procedure.

A recognized organization seeking accreditation of an individual must show that the proposed representative has good moral character and the requisite broad knowledge of immigration law and procedure.  *See* 8 C.F.R. § 1292.2(d); *see also Matter of EAC, Inc.*, 24 I&N Dec. 563 (BIA 2008).  The

---

[1] "Partial" accreditation is authorization to represent aliens before the Department of Homeland Security.  "Full" accreditation is authorization to represent aliens before both the Department of Homeland Security and the Executive Office for Immigration Review, which includes the immigration courts and this Board.  *See* 8 C.F.R. § 1292.2(a), (d).

"broad knowledge" requirement, applicable to both full and partial accreditation, ensures that a duly accredited representative is able to identify immigration issues of all types and know when to seek additional legal guidance. *Matter of EAC, Inc.*, 24 I&N Dec. at 564. Thus, effective representation requires more than specialized knowledge of specific topics within the spectrum of the immigration laws; it also requires an understanding and command of the fundamentals.

While broad knowledge can be acquired through a series of in-depth courses and seminars, training focused specifically on immigration fundamentals, in complement to other trainings, provides a meaningful survey of immigration law and procedure. Such training also provides critical insights into the interconnectedness of the immigration laws and the possible interaction of other areas of law with the immigration laws. An overview course on the fundamentals also alerts the proposed representative to the dangers of over-specialization, the value of referral to more expert representation, and the potential for unintended harm when legal advice is not supported by a broad knowledge of the law. We therefore find that a successful application for initial accreditation must show that a proposed representative has recently completed at least one formal training course designed for new practitioners and that the training provided a solid overview of the fundamentals of immigration law and procedure. Thus, in the request for accreditation, the organization should submit information about a proposed representative's training, including the date(s) of the overview course (and all other trainings), the provider or providers, the hours completed, the topics addressed at each training, and certificates of completion, where available.[2]

In this instance, the organization has provided the agenda and Certificate of Completion for a 2-day training entitled "Introduction to Immigration Law Practice: A Course for New Practitioners." The training was conducted by an established provider of immigration training, and it covered a spectrum of foundational concepts in immigration law. In complement, the organization also provided information on numerous other trainings attended by the proposed representative, along with various letters of recommendation on her behalf.[3]

---

[2] We note that the organization also submitted documents showing that the proposed representative has completed formal training in specific areas of immigration law. Documentation of specialized training consistent with the organization's mission is also valuable to the Board's review of an application for accreditation.

[3] Training information is valuable not only to initial applications, but to renewal applications as well. When a recognized organization seeks to renew a representative's accreditation, it should provide documentation that its accredited representative has received

(continued...)

Based upon our review of the application and the materials submitted, we are satisfied that the proposed representative appears to be a person of good moral character and possesses the broad knowledge of immigration law and procedure required to practice before the Department of Homeland Security. Accordingly, the application for partial accreditation will be approved.

**ORDER:** The application for partial accreditation of Janie Munoz-Tafoya to represent individuals on behalf of Central California Legal Services, Inc., Visalia office, is approved.

---

(...continued)

additional formal training in immigration law since the most recent accreditation. Candidates for renewal of accreditation should have updated training that reflects that they have kept current in immigration law.