# Matter of UNITED FARM WORKERS FOUNDATION, Applicant

Request for Accreditation

*Decided November 20, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A recognized organization need only apply for its representative's accreditation at one location, and if approved, that representative may thereafter practice at any branch location of the organization that has been recognized by the Board of Immigration Appeals. *Matter of EAC, Inc.*, 24 I&N Dec. 563 (BIA 2008), modified.

BEFORE: Board Panel: NEAL, Chairman; ADKINS-BLANCH, Vice Chairman; HOLMES, Board Member.

NEAL, Chairman:

The United Farm Workers Foundation, an organization recognized by the Board, has submitted multiple applications for partial accreditation for Luis Guerra as its accredited representative at its offices in Bakersfield, Fresno, Salinas, Los Angeles, and Phoenix under 8 C.F.R. § 1292.2(d) (2014). The Department of Homeland Security ("DHS") has recommended approval of accreditation.[1] The requests will be approved.

The applicant is an established recognized organization with several approved branch locations and seven accredited representatives. It serves mostly farmworkers, whose employment tends to be seasonal and regional, and the need for its low-cost legal services therefore fluctuates geographically throughout the year. To efficiently serve its clientele, the organization's legal staff travels to its various locations in the agricultural regions of California and Arizona.

In its application, the organization states that its proposed representative will be adequately supervised and supported wherever he is situated.

---

[1] The DHS recommended against approving accreditation at the Phoenix site based on its misunderstanding that Luis Guerra submitted the request for partial accreditation on his own behalf. Since the record reflects that the executive director of the organization submitted applications for all office locations, we consider the adverse recommendation regarding Phoenix to be inadvertent.

There will be a senior accredited representative available to the new representative wherever he is located, and the proposed representative will have the benefit of a weekly conference call in which the organization's senior accredited representatives review cases, answer questions, and provide updates in immigration law and procedure. The proposed representative will also have access to several electronic resources specific to immigration law, including online materials from the United States Citizenship and Immigration Services and the American Immigration Lawyers Association, as well as telephonic access to legal advice from a reputable nonprofit legal services provider.

Based on our review of the application and the materials submitted, we are satisfied that the proposed representative appears to be a person of good moral character and possesses the broad knowledge of immigration law and procedure required to practice before the DHS. 8 C.F.R. § 1292.2(d); *see also Matter of Central California Legal Services, Inc.*, 26 I&N Dec. 105 (BIA 2013). Accordingly, the application for partial accreditation will be approved.

The organization has requested that we accredit the proposed representative at all five of its branches and has provided us with five parallel applications for accreditation. The redundancy of these applications presents us with an opportunity to reevaluate the need for multiple accreditation applications.

When the Board grants recognition to an organization, our recognition is location-specific. *See Matter of Florida Rural Legal Services, Inc.*, 20 I&N Dec. 639 (BIA 1993). We created the requirement that each branch office must independently prove itself qualified for recognition to ensure that the organization provides adequate legal representation at each branch office. *Id.* at 640.

As a complement to that requirement, we adopted the practice of treating accreditation of representatives as location-specific as well. Thus, where a recognized organization has multiple approved branch offices, we have required the organization to file separate applications for accreditation of representatives for each approved location. *See Matter of EAC, Inc.*, 24 I&N Dec. 563, 565 (BIA 2008) (accreditation). As a result, where organizations have more than one approved location, we receive multiple virtually identical accreditation applications for the same representative.

The limited availability of pro bono legal services in the communities that need them most makes recognized organizations and their accredited representatives even more valuable than in the past. *Matter of Ayuda*, 26 I&N Dec. 449, 450 (BIA 2014). The need for representation has increased, but the availability of trustworthy low-cost and no-cost legal services has not kept pace with the demand. *Id.* We appreciate that

recognized organizations must therefore be flexible to manage and optimize their limited resources to respond to the increasing need for competent representation for low-income individuals.

While "per branch" accreditation applications may once have been a logical extension of "per branch" recognition, we find it impractical to require recognized organizations to file repetitive applications for accreditation (and subsequent applications for renewal) for the same individual. If an organization is recognized, we have already made the determination that it provides adequate supervision and resources for its representatives. If a representative is or has been accredited by the Board, we have already determined that the individual has the requisite knowledge to practice immigration law and is competent to provide legal representation. Requiring duplicative applications and determinations solely to allow recognized organizations to reassign accredited personnel between recognized branch offices offers no meaningful benefit to the public. The organization's decision where to place the representative is therefore not critical to our administration of the recognition and accreditation process. In short, we see no need to continue our practice of "per branch" accreditation.

Furthermore, organizations and the public will benefit from the elimination of our "per branch" accreditation practice. At present, if a recognized organization needs to reassign an accredited representative to a different recognized branch for an emergent staffing reason (for example, in response to attrition, separation, or increase in caseload), the organization cannot simply transfer that representative to the branch. Rather, it has to file a new application for accreditation—even though the adjudication is largely redundant to the original application—and the receiving branch must remain unstaffed or understaffed during the wait for a final adjudication. With the elimination of "per branch" accreditation, recognized organizations will be in a much better position to adapt to seasonal and temporary needs, respond to staffing exigencies, and otherwise reallocate personnel to maximize service delivery to their low-income and indigent clientele.[2]

For these reasons, we modify *Matter of EAC, Inc.*, 24 I&N Dec. 563, to discontinue our practice of requiring multiple applications for the same representative, and we will now allow a recognized organization to place or relocate its accredited representatives at any location within that organization's network of recognized branches. In other words,

---

[2] This change in practice will also lessen the paperwork and costs associated with duplicative applications, and it will eliminate the unproductive need for recognized organizations to monitor multiple expiration dates for the same accredited representative.

a recognized organization need only apply for its representative's accreditation at one location, and if approved, that representative may thereafter practice at any branch location of the organization that has been recognized by the Board. [3]  Accordingly, the requests for partial accreditation of Luis Guerra will be approved, and he may practice at any of the branch locations of the organization recognized by the Board.

**ORDER:**  The application for partial accreditation of Luis Guerra to represent individuals on behalf of the United Farm Workers Foundation is approved.

**NOTICE:**  Accreditation of the representative is only valid for a period of 3 years from the date of this order.  Accreditation remains valid pending the Board's consideration of an application for renewal of accreditation only if the application is filed at least 60 days before the expiration of accreditation.  8 C.F.R. § 1292.2(d); *see also Matter of EAC, Inc.*, 24 I&N Dec. at 565.

---

[3]  We still expect a recognized organization to furnish the same level of supervision to its accredited representatives and provide them with access to adequate knowledge, information, and experience wherever they may be located within the organization. *Matter of EAC, Inc.*, 24 I&N Dec. 556, 558−61 (BIA 2008) (recognition).