# Matter of ST. FRANCIS CABRINI IMMIGRATION LAW CENTER, Applicant

Request for Recognition

*Decided November 20, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where an organization is physically colocated or financially associated with, or otherwise attached to, a for-profit venture, the Board of Immigration Appeals will not approve an application for recognition unless it is confident that the organization will not be influenced, either explicitly or implicitly, by the pecuniary interests of the commercial affiliate.

BEFORE: Board Panel: NEAL, Chairman; ADKINS-BLANCH, Vice Chairman; HOLMES, Board Member.

NEAL, Chairman:

Saint Francis Cabrini Immigration Law Center has applied for recognition pursuant to 8 C.F.R. § 1292.2(a) (2014). The Department of Homeland Security ("DHS") recommends against approving recognition. The application for recognition will be disapproved.

A nonprofit religious, charitable, social service, or similar organization established in the United States may be recognized by the Board to provide low cost or free legal representation by its staff attorneys or accredited representatives. 8 C.F.R. § 1292.2(a). To be recognized, an organization must establish that it makes only nominal charges, assesses no excessive membership dues for persons given assistance, and has at its disposal adequate knowledge, information, and experience in immigration law and procedure. *Id.*; *see also Matter of EAC, Inc.*, 24 I&N Dec. 556, 557−58 (BIA 2008).

On February 7, 2013, the applicant organization submitted a completed Form EOIR-31 (Request for Recognition of a Non-Profit Religious, Charitable, Social Service, or Similar Organization), a fee schedule, resumes for proposed representatives, letters of recommendation, and other documentation. The applicant organization also advised us that it is not affiliated with the Catholic Church or any other religious organization and that it is in the process of applying for its own tax exempt status as

a nonprofit organization (separate from the International Club of Southwest Louisiana, of which the applicant claims to be a division).

On June 20, 2013, the DHS responded to the application, recommending that we disapprove it because the organization lacks nonprofit status. The DHS also observed that the organization does not appear to operate independently of Global Management Enterprises, LLC, a for-profit corporation. In light of the DHS's concerns and the organization's claim that its application for nonprofit status was pending, we remanded the application to the DHS for further investigation pursuant to 8 C.F.R. § 1292.2(b).

On June 5, 2014, the DHS provided us and the applicant organization with the results of its investigation, again recommending that we disapprove the application because the organization has not established that it currently holds nonprofit status. The DHS also confirmed that the applicant organization shares the same physical location and officers as the for-profit enterprise. The applicant has not responded to the DHS's latest recommendation.

We agree with the DHS that the organization has not provided the requisite evidence of its nonprofit status. We will therefore disapprove the application for recognition on this basis. *See* 8 C.F.R. § 1292.2(a); *see also Matter of EAC, Inc.*, 24 I&N Dec. at 561; *Matter of American Paralegal Academy, Inc.*, 19 I&N Dec. 386 (BIA 1986). However, even if the organization provided that evidence, the application still could not be approved.

The purpose of the recognition and accreditation program is to provide competent and affordable immigration legal services to persons of limited means through reputable nonprofit organizations. *See Matter of EAC, Inc.*, 24 I&N Dec. at 557; *see also Matter of Baptist Educational Center*, 20 I&N Dec. 723, 735 (BIA 1993) (terminating recognition of an organization that was being used to facilitate an immigration counseling business); Representation and Appearance, 60 Fed. Reg. 57,200, 57,200 (proposed Nov. 14, 1995) (stating that the nominal fees requirement exists to ensure that "recognized organizations are in fact charitable, are serving low-income or indigent clients, and are not representing their clients for profit") (Supplementary Information). Nonprofit status is not just a requirement for recognition; it also serves as a safeguard for members of the public who otherwise lack access to legal assistance. We therefore evaluate applications for recognition not only to determine whether an applicant organization has been granted nonprofit status, as required by the regulations, but also to ascertain whether it is driven by a charitable purpose rather than a pecuniary interest.

The Board will not grant recognition to an organization that intends to use recognition in a way that is disconsonant in fact or spirit with the requirement that it must provide low-cost immigration services to low-income clients. We are especially cautious where we have concerns that the organization might use recognition as a means to solicit clientele for a profit-making venture, whether the solicitation is through the organization itself or through an individual or entity associated with the organization. *See Matter of Baptist Educational Center*, 20 I&N Dec. 723 (withdrawing recognition from an organization because its director was counseling clients on immigration matters in his private capacity for a profit); *see also Matter of Lutheran Ministries of Florida*, 20 I&N Dec. 185 (BIA 1990) (disapproving recognition where the applicant organization failed to sufficiently apprise the Board of its intended operating structure).

Where an organization is physically colocated or financially associated with, or otherwise attached to, a for-profit venture, we must scrutinize the intentions and circumstances of that organization, regardless of its nonprofit status or affiliation. We will not approve an application for recognition unless we are confident that the organization will not be influenced, either explicitly or implicitly, by the pecuniary interests of its commercial affiliate. For that reason, an applicant for recognition must provide detailed and persuasive information to demonstrate that it operates solely and truly in the spirit of the regulations. *See* 8 C.F.R. § 1292.2; *see also Matter of Baptist Educational Center*, 20 I&N Dec. at 733 (finding that recognized organizations must continue to demonstrate their eligibility for recognition by "clear, unequivocal, and convincing" evidence). The organization must affirmatively demonstrate that its immigration services are not part of a larger commercial enterprise and do not act as a loss leader for for-profit services or serve in any other way as a façade or conduit for a business venture. The need for the applicant organization to persuade us of its legitimacy is heightened when, as here, the DHS has raised such concerns in its evaluation of the organization.

The record indicates that the applicant is affiliated and colocated with a for-profit job placement company and shares officers and directors with that venture. The DHS has raised compelling reasons to question the applicant's ability to operate independently of its affiliate's for-profit initiatives. There is a clear potential, if not a likelihood, that a conflict of interest exists because the for-profit organization itself provides immigration services, is operated by the same chief executive officer, and has many of the same officers and directors. The organization had an opportunity in its initial application to explain its operating procedures and fully distinguish itself from its for-profit affiliate. It has also had ample opportunity to respond to the DHS's recommendation against approval, but

to date it has not done so.  Since we have not been persuaded that the applicant organization will remain separate and apart from the for-profit venture with which it is colocated and shares personnel, officers, and directors, we will not grant recognition.

Without recognition of the applicant organization, there is no basis for us to address the qualifications of the individuals for whom accreditation is sought to represent the organization.

**ORDER:** The application for recognition is disapproved.